**Mark J. CLAYTON, Petitioner—Appellant,**

v.

**Mitch MORROW, Superintendent, Respondent—Appellee.**

No. 02–36077.

D.C. No. CV–00–01273–ALA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Dec. 23, 2003.

Bryan E. Lessley, Office of the Federal Public Defender, Eugene, OR, for Petitioner–Appellant.

Timothy A. Sylwester, DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before TROTT, FISHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Mark J. Clayton appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. The state court's post-convic-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion determination that Clayton failed to prove ineffective assistance of counsel was not objectively unreasonable, and therefore we affirm.

## Discussion

As the Supreme Court reminded us in *Yarborough v. Gentry,*

[i]f a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

*Yarborough,* —— U.S. ——, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003) (citing *Wiggins v. Smith,* —— U.S. ——, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003); *Woodford v. Viscotti,* 537 U.S. 19, 24–25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002); *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

The state court concluded that Clayton's allegations that his counsel misled him as to the law are not true. This determination is amply supported by the record. Although defense counsel's letter may have been somewhat ambiguous, it contained no clear misstatement of the law. It was not at all objectively unreasonable to regard defense counsel's representation in the seventh paragraph, that consent is no defense, as referring to the second degree sexual abuse charge. Under Oregon law, it is an entirely accurate statement that consent is no defense to this charge. Counsel did not say, in this disputed letter or elsewhere, that consent was not a defense to the other charges involving Measure 11. Therefore, looking at the record as a whole, it was not objectively unreason-

able for the state court to conclude that Clayton's defense counsel committed no errors.

AFFIRMED.